IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PAUL A. CRAYTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-CV-274-JDK-JDL |
| | § | |
| LORIE DAVIS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paul A. Crayton, an inmate proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On August 19, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 12), recommending that Plaintiff's complaint be dismissed as frivolous and for failure to state a claim. *Id.* a 7. Plaintiff filed objections on September 9, 2019. Docket No. 15.

In his objections, Plaintiff argues that the Magistrate Judge should have questioned witnesses who would have knowledge about the "system."[1] Docket No. 15 at 1. Plaintiff also argues that his complaint is not frivolous because he "is on such said system and is requesting the Court to order its removal." *Id.* Plaintiff's remaining objections rely on the fact that he is in the "system." *See id.* at 3 (arguing that being in administrative segregation while on the "system" constitutes "extraordinary circumstances" justifying his removal from administrative

---

[1] According to Plaintiff's complaint, the "system" appears to be a device in his cell that speaks to him and follows him around. *See* Docket No. 1 at 4.

segregation); *id.* at 4 (arguing that continuing to prosecute Plaintiff while he is on the "system" violates his constitutional rights to due process).

Plaintiff's objections fail because his arguments are factually frivolous. An *in forma pauperis* "complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact." *Williams v. Collins*, No. 92-4921, 1993 WL 82361, at *2 (5th Cir. 1993). A "fantastic" or "wholly incredible claim may be factually frivolous." *Id.* As the Magistrate Judge concluded, Plaintiff's claims that he is on the "system" are fantastic and wholly incredible claims. Plaintiff's claims therefore must be dismissed.

Plaintiff also objects to his placement in administrative segregation because he claims that he has no disciplinary record and poses no threat to other inmates and prison staff. Docket No. 15 at 3. As the Magistrate Judge found, however, "segregated confinement is not grounds for a due process claim unless it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). Plaintiff has not shown an atypical or significant hardship. His arguments therefore fail.

Having made a *de novo* review of the objections raised by Plaintiff to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 12) be **ADOPTED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. All motions not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **19th** day of **December, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE